**KILPATRICK TOWNSEND & STOCKTON LLP**
H. Forrest Flemming, III (Bar No. 5835517)
3 Times Square
New York, NY 10036
(212) 775-8700
FFlemming@ktslaw.com

Caroline Y. Barbee (*pro hac vice* forthcoming)
1801 Century Park E, Suite 2300
Los Angeles, CA 90067
(310) 248-3830
CBarbee@ktslaw.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIC CORPORATION and BIC USA INC., | |
| *Plaintiffs*, | |
| v. | CIVIL ACTION NO.:  1:25-cv-5638 |
| VAPE PLUS DISTRIBUTION CORP DBA G&A DISTRIBUTION; HALAA ALGHAZALI; JOHN DOE COMPANIES 1-10; and JANE OR JOHN DOES 1-10, | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

## COMPLAINT

Plaintiffs BIC Corporation and BIC USA Inc. (collectively, "BIC"), by and through their

attorneys, state as follows for their Complaint against Defendants Vape Plus Distribution Corp

dba G&A Distribution ("G&A Distribution"); Halaa Alghazali, individually; John Doe

Companies 1-10; and Jane or John Does 1-10 (collectively, "Defendants").

## **NATURE OF THE ACTION**

1.    Defendant Halaa Alghazali, as the owner of Defendant G&A Distribution and, on information and belief, with a network of other wholesale entities, has been advertising, distributing, and selling large quantities of counterfeit and gray market BIC pocket lighters. Defendants have at least one warehouse—where they store, sell, and facilitate the shipment of counterfeit and gray market BIC pocket lighters within and beyond the State of New York.

2.    To uncover the extent of Defendants' counterfeiting and gray market scheme, BIC engaged investigators to make three separate recent test purchases from Defendant G&A Distribution, in which the investigators purchased hundreds of lighters bearing what appeared to be BIC's federally registered, incontestable trademarks and trade dress. Expert analysis, however, established that every one of these purchases was comprised of unauthorized (counterfeit or gray market) pocket lighters that Defendants were passing off as genuine BIC products.

3.    Having determined that Defendants are consistently and pervasively distributing counterfeit BIC pocket lighters ("Counterfeit Pocket Lighters") as well as genuine BIC pocket lighters intended for sale outside of the United States with material differences from lighters intended for sale in the United States ("Diverted Gray Pocket Lighters"), BIC brings this action to end Defendants' illicit trade in these lighters.

4.    Defendants have willfully and knowingly advertised, offered, sold, and distributed Counterfeit and Diverted Gray Pocket Lighters in the United States, including in the State of New York.

5.    For safety reasons, lighters sold to consumers are highly regulated products in the United States.

2

6.    Because BIC takes consumer safety extremely seriously, it tailors its lighters, associated labeling, and distribution channels for the United States to meet all relevant government and regulatory requirements. The same is not true for the lighters Defendants sell.

7.    Defendants' sale of Counterfeit and Diverted Gray Pocket Lighters in the United States, including in the State of New York, bypasses BIC's quality control and safety efforts and thus presents a safety hazard to the consuming public of the United States.

8.    Based on the foregoing, BIC brings this action for counterfeiting under Sections 32(1) and 34(d) of the Lanham Act, 15 U.S.C. §§ 1114(1), 1116(d); trademark infringement and contributory trademark infringement under Sections 32 and 34 of the Lanham Act, 15 U.S.C. §§ 1114, 1116(d); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); trademark dilution and injury to business reputation under N.Y. Gen. Bus. L. § 360-l; and trademark infringement and unfair competition under the common law of New York.

## PARTIES

9.    Plaintiff BIC Corporation is a Connecticut corporation, having its principal place of business in Shelton, Connecticut.

10.    Plaintiff BIC USA Inc. ("BIC USA"), a wholly owned subsidiary of BIC Corporation, is a Delaware corporation, having its principal place of business in Shelton, Connecticut.

11.    On information and belief, Defendant Vape Plus Distribution Corp is a New York company having its principal place of business at 2705 Atlantic Avenue, Brooklyn, NY 11207, and doing business as G&A Distribution.

12.     On information and belief, Defendant Halaa Alghazali is the owner of G&A Distribution and a resident of the State of Pennsylvania, and was and is the moving, active, conscious force behind the unlawful acts alleged herein.

13.     On information and belief, Defendant Halaa Alghazali directs and controls the operations and actions of Defendant G&A Distribution or otherwise authorized, directed, or substantially participated in the unlawful activity described in this Complaint.

14.     Defendant G&A Distribution operates a wholesale warehouse and distribution center in Brooklyn, New York, selling convenience store products to retailers, including Counterfeit and Diverted Gray Pocket Lighters, and those retailers in turn sell to consumers.

15.     BIC is currently unaware of the true names and identities of Defendants John Doe Companies 1-10 and Jane or John Does 1-10 but is informed and believes that such entities and persons have conspired with Defendants and are liable for the violations alleged in this Complaint. Thus, BIC may seek leave to amend this Complaint at an appropriate time to add specific information regarding Defendants Doe on determination of their true identities.

## JURISDICTION AND VENUE

16.     This is a civil action arising from Defendants' use of BIC's trademarks and trade dress on counterfeit pocket lighters. The claims alleged in this Complaint arise under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and under the laws of the State of New York.

17.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 and has supplemental jurisdiction over claims under New York law under 28 U.S.C. § 1367(a).

18.     On information and belief, Defendant G&A Distribution resides in this district and advertises, offers for sale, sells, and distributes Counterfeit and Diverted Gray Pocket

Lighters within the State of New York and this District, which has resulted in a likelihood of customer confusion in New York, including in this District, and has caused irreparable harm to BIC. Thus, G&A Distribution has established contacts with the State of New York sufficient for this Court to exercise personal jurisdiction over it.

19.     On information and belief, Defendant Halaa Alghazali has personally supervised and controlled G&A Distribution's unlawful acts alleged herein, including the acquisition and sale of the lighters purchased by BIC's investigators discussed herein, knowing those lighters infringed BIC's intellectual property rights. This conduct has resulted in a likelihood of customer confusion in New York, including in this District, and has caused irreparable harm to BIC. Thus, Halaa Alghazali has established contacts with the State of New York sufficient for this Court to exercise personal jurisdiction over her.

20.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants G&A Distribution and Halaa Alghazali reside in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims asserted in this Complaint occurred within this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### BIC's Famous Trademarks

21.     BIC manufactures and distributes high quality and reliable consumer products, including pocket lighters ("BIC Pocket Lighters"), in the United States and around the world, including within this District.

22.     Perhaps the most popular disposable, non-refillable pocket lighter BIC manufactures and sells to consumers is its "Maxi" pocket lighter, representative images of which are shown below.

5







23.    Another popular disposable, non-refillable pocket lighter BIC manufactures and

sells to consumers is its "Mini" pocket lighter—a smaller version of its Maxi pocket lighter, as

shown below.







24.    For over 50 years, BIC has used various trademarks and source-identifying product designs (i.e., trade dress) to indicate the origin of its pocket lighters, including the following trademarks and trade dress registered with the United States Patent and Trademark Office ("USPTO"), which are collectively referred to as the "BIC Marks":

| Registration No. | Registered Trademark | Goods | First Use in Commerce |
|---|---|---|---|
| U.S. Reg. No. 2324480 | BIC | Class 34: *cigarette and cigar lighters not of precious metals* | Oct. 05, 1971 |

7

| Registration No. | Registered Trademark | Goods | First Use in Commerce |
|---|---|---|---|
| U.S. Reg. No. 951661 |  | Class 34: *cigarette lighters and refills therefor* | Oct. 05, 1971 |
| U.S. Reg. No. 1761622 |  | Class 34: *cigarette lighters not made of precious metal* | Oct. 25, 1973 |
| U.S. Reg. No. 2278917 |  | Class 34: *cigarette lighters not made of precious metal* | Feb. 1995 |

25.     The forgoing registrations are collectively referred to as the "BIC Registrations."

26.     BIC Corporation filed a declaration with the USPTO under 15 U.S.C. § 1065, with respect to each of the foregoing trademark registrations, which the USPTO accepted. Each of the BIC Registrations is incontestable.

27.     Because each of the BIC Registrations is incontestable, they serve as conclusive evidence of the validity of the BIC Marks, BIC Corporation's ownership of the BIC Marks, and BIC's exclusive right to use each of the registered BIC Marks in commerce in connection with the goods identified therein.

28.     True and accurate copies of the USPTO registration certificates for each of the BIC Registrations are attached as **Exhibit A** and proof of incontestability for each BIC Registration is attached as **Exhibit B**.

29.     BIC Corporation is the owner of the BIC Marks in the United States, and BIC

8

Corporation exclusively licenses the BIC Marks to BIC USA.

30.     Through BIC's continuous and substantially exclusive use over the span of decades, as well as through BIC's expenditure of tens of millions of dollars in promotion and advertising of the BIC Marks, the BIC Marks are recognized as indicators of source for BIC's high-quality and pioneering lighters and embody the substantial and valuable goodwill associated with BIC's pocket lighters. Consumers recognize and seek out pocket lighters bearing the BIC Marks.

31.     BIC popularized its first pocket lighters in the 1970s with the "Flick your BIC" advertising campaign and saw its lighters quickly become a household staple—and household name—throughout the world.

32.     Indeed, BIC is the number one seller of pocket lighters in the United States, and BIC Pocket Lighters have become the most recognized lighters in the world, with more than 30 billion lighters sold in over 160 countries.

33.     Social media pages for BIC Pocket Lighters draw substantial attention from the public, with over 1.3 million Facebook users and over 132,000 Instagram users following BIC's online promotion of pocket lighters bearing the BIC Marks.

34.     BIC Pocket Lighters are recognized icons of modern design—residing in the permanent collections of the Museum of Modern Art (MoMA) in New York and the Musee national d'art moderne/Centre de creation industrielle-Centre Georges Pompidou in Paris.

35.     As a result of BIC's substantial efforts, and prior to the acts of Defendants alleged herein, the distinctive BIC Marks have become famous in the minds of consumers and serve to immediately identify BIC as the source of BIC-brand pocket lighters.

## BIC's Reputation and Commitment to Safety

36.    BIC has been providing safe, reliable, non-refillable pocket lighters to millions of Americans for over 50 years.

37.    BIC Pocket Lighters are recognized as setting the standard for quality, safety, and performance for disposable lighters.

38.    BIC's superior commitment to consumer safety begins well before a consumer first picks up a BIC Pocket Lighter.

39.    BIC Pocket Lighters meet or exceed all applicable industry safety standards, and BIC Pocket Lighters that are intended for sale in the United States meet or exceed all U.S. federal laws and regulations established for disposable pocket lighters.

40.     Every one of the approximately 6 million lighters BIC produces worldwide each day undergoes more than 50 automated quality and safety checks during the manufacturing process.

41.    BIC Pocket Lighters (i.e., those manufactured for and sold in the U.S. market) contain various safety features, including a child-resistant safety guard.

42.    BIC Pocket Lighters are routinely drop tested from a height of approximately 10 feet or more.

43.    BIC's automated manufacturing process for its BIC Pocket Lighters ensures the liquid portion of fuel in the lighter does not exceed predetermined levels of the fuel reservoir capacity, to allow for some expansion within the body of the lighter.

44.    BIC Pocket Lighters are routinely tested to withstand at least 149°F for 4 hours.

45.    BIC's commitment to consumer safety continues when a consumer purchases or uses a BIC Pocket Lighter.

46.    The Maxi BIC Pocket Lighter packaging is shown below and features a prominent safety warning: "KEEP AWAY FROM CHILDREN: READ ALL WARNINGS BEFORE USING LIGHTER."



47.    The Mini BIC Pocket Lighter packaging is shown below and carries identical warnings on its packaging.



48.    BIC Pocket Lighters also carry specific warning language compliant with ASTM[1] F400 standards on the lighter itself.

49.    It is clear that pocket lighter safety serves a substantial public benefit in keeping families safe.

50.    In sharp contrast, Counterfeit Pocket Lighters on the market fail to meet industry or regulatory standards, and they masquerade as safe products by falsely claiming to be genuine

---

[1] "ASTM" means American Society for Testing and Materials International.

BIC Pocket Lighters that are subject to BIC's rigorous manufacturing and quality assurance processes.

51.     Unfortunately, some such low-quality lighters are being manufactured to look like BIC Pocket Lighters and are imported, advertised, distributed, and sold in connection with the BIC Marks. Defendants' Counterfeit Pocket Lighters are a prime example of such lighters, which threatens the BIC brand.

52.     Diverted Gray Pocket Lighters are intended for markets abroad and do not comply with the regulatory requirements in the United States.

53.     These Diverted Gray Pocket Lighters are being imported and sold without authorization, and Defendants are a prime example of this behavior as well, which also threatens the BIC brand.

**Defendants' Sale of Counterfeit and Diverted Gray Pocket Lighters**

54.     Defendants are established players in the wholesale goods market that commonly facilitate high-volume sourcing, buying, selling, and shipping transactions, such that they are likely well-versed in how to attain genuine goods—or conversely, to acquire less expensive counterfeit goods intentionally or at least with willful ignorance.

55.     Defendant Halaa Alghazali is the owner of G&A Distribution, which operates at 2578 Atlantic Avenue, Brooklyn, NY 11207.

56.     Investigators retained by BIC ("BIC Investigators") conducted an investigation into Defendants' business and goods offered for sale under the BIC Marks.

57.     On three distinct occasions during the investigation into Defendants, one or more BIC Investigators was/were physically present in New York and observed Defendants advertising, offering, and selling what appeared to be Counterfeit Pocket Lighters and/or

Diverted Gray Pocket Lighters. On each of these three occasions, the BIC Investigators purchased lighters from G&A Distribution, which they subsequently confirmed to be Counterfeit Pocket Lighters and/or Diverted Gray Pocket Lighters.

58.     For the first purchase from G&A Distribution in late 2024, a BIC Investigator conducted a site visit at Defendant G&A Distribution's warehouse located at 2578 Atlantic Avenue, Brooklyn, NY 11207 (the "2578 Warehouse"), where the BIC Investigator purchased three trays (with fifty lighters per tray) of Maxi lighters and three trays (with fifty lighters per tray) of Mini lighters that G&A Distribution offered for sale as authentic BIC Pocket Lighters (i.e., the trays and lighters carried the BIC trademarks on them, and the lighters were shaped like genuine BIC Pocket Lighters). The BIC Investigator analyzed the lighters from this first test purchase and determined they were Diverted Gray Pocket Lighters.

59.     For the second purchase from G&A Distribution, also in late 2024, a BIC Investigator conducted another site visit at the 2578 Warehouse, where the BIC Investigator observed multiple trays of Maxi lighters and purchased six trays (with fifty lighters per tray) of Maxi lighters that G&A Distribution offered for sale as authentic BIC Pocket Lighters. The BIC Investigator analyzed the lighters from the second test purchase and determined they were Counterfeit Pocket Lighters.

60.     For the third purchase from G&A Distribution in early 2025, a BIC Investigator conducted another site visit at the 2578 Warehouse, where the BIC Investigator purchased one tray (with fifty lighters per tray) of Mini Lighters that G&A Distribution offered for sale as authentic BIC Pocket Lighters. The BIC Investigator analyzed the lighters from the third test purchase and determined they were Diverted Gray Pocket Lighters.

61.     Across each of the purchases of the Counterfeit and Diverted Gray Pocket

Lighters, the packaging containing Counterfeit and Diverted Gray Pocket Lighters featured the word mark "BIC" and the stylized mark BIC .

62.     The Counterfeit Pocket Lighters purchased from Defendants were cheap and non-genuine replicas of genuine BIC Pocket Lighters. Each lighter, whether a Counterfeit Pocket Lighter or a Diverted Gray Pocket Lighter, incorporated the word mark "BIC," the stylized mark BIC , and the BIC trade dress.

63.     The Counterfeit Pocket Lighters replicate the BIC Marks to intentionally mislead customers into believing that they are purchasing a genuine BIC Pocket Lighter.

64.     On information and belief, the Counterfeit Pocket Lighters are not subjected to the same rigorous performance and safety standards that BIC applies to authentic BIC pocket lighters. The Counterfeit Pocket Lighters include replacements for key safety and performance features found in authentic BIC lighters or exclude them entirely.

65.     While they are genuine BIC-brand products, the Diverted Gray Pocket Lighters were never approved, authorized, or intended for sale in the United States because they were produced to meet standards in foreign markets rather than those required by the Consumer Product Safety Commission ("CPSC") for disposable lighters sold in the United States.

66.     On information and belief, Defendants sold Counterfeit and Diverted Gray Pocket Lighters to third parties in the United States, including Doe Defendants in this District, with the intent that those third parties would resell the Counterfeit and Diverted Gray Pocket Lighters to consumers.

**Defendants' Wrongful Acts Have Harmed the Public and BIC**

67.     Previously and, on information and belief, up to the present time, Defendants have advertised, offered for sale, sold, and distributed lighters in the United States, and

14

specifically within the State of New York, that make unauthorized use of the BIC Marks and/or

that are not intended to be sold in the United States, i.e., the Counterfeit and Diverted Gray

Pocket Lighters.

68.    BIC has taken legal action to prevent the importation of Counterfeit and Diverted

Gray Pocket Lighters into the United States, including obtaining a General Exclusion Order

("GEO") from the International Trade Commission that bars the unlicensed importation into the

United States of all lighters that bear the BIC Marks. A true and accurate copy of the GEO is

attached as **Exhibit C**.

69.    BIC has also taken other legal action to stop the unauthorized and unlawful

importation and sale of Counterfeit and Diverted Gray Pocket Lighters in the past to prevent the

harm caused to both BIC and consumers, including in the State of New York. *E.g.*, *BIC Corp. et*

*al. v. Nishi Wholesale LLC et al.*, Case No. 6:24-cv-02147-GAP-NWH (M.D. Fla. Nov. 22,

2024); *BIC Corp. et al. v. LAX Distrib. LLC et al.*, Case No. 2:24-cv-09898-SPG-PVC (C.D. Cal.

Nov. 15, 2024); *BIC Corp. et al. v. Wholesale Outlet, Inc. et al.*, Case No. 1:24-cv-00201-JPB

(N.D. Ga. Jan. 16, 2024); *BIC Corp. et al. v. Panhandle Wholesale, et al.*, Case No. 8:23-cv-

2905-SDM-AEP (M.D. Fla. Dec. 19, 2023); *Certain Pocket Lighters*, Inv. No. 337-TA-1142,

USITC 714450 (July 13, 2020) (Comm'n Decision); *BIC Corp. et al. v. Arrow Lighter, Inc. et*

*al.*, Case No. 1:18-cv-06922-DLI-PK (E.D.N.Y. Dec. 5, 2018); *BIC Corp. et al. v. Chicago Imp.*

*Inc. et al.*, Case No. 1:18-cv-07378 (N.D. Ill. Nov. 6, 2018); *BIC Corp. et al. v. Florida Distribs.,*

*Inc. et al.*, Case No. 0:18-cv-60010-RKA (S.D. Fla. Jan. 3, 2018).

70.    Despite the GEO, on information and belief, Defendants are trading in Counterfeit

and Diverted Gray Pocket Lighters imported into the United States through a sophisticated

network of importers without authorization from BIC and using means targeted at evading

detection and confiscation.

71.     On information and belief, Defendants are in possession of additional stock of Counterfeit and Diverted Gray Pocket Lighters and intend to imminently sell these lighters in interstate commerce.

72.     On information and belief, Defendants have engaged in these acts with knowledge of BIC's rights and willful intent to violate those rights.

73.     As repeat sellers of Counterfeit Pocket Lighters, upon information and belief, Defendants knowingly engaged in violations of the Lanham Act, as well as other federal laws and regulations and various state laws.

74.     Upon information and belief, Defendants know that their Counterfeit and Diverted Gray Pocket Lighters cannot legally be sold in the United States.

75.     The possibility of civil and criminal enforcement action against Defendants, and the potential liabilities and penalties that may be imposed against them, provide a clear indication that Defendants will conceal or destroy, move, hide, or otherwise make inaccessible to the Court relevant business records and remaining inventory of Counterfeit and Diverted Gray Pocket Lighters.

76.     On information and belief, John Doe Companies 1-10 and John or Jane Does 1-10 have conspired with Defendants to carry out the wrongful conduct alleged herein.

77.     Defendants' unlawful actions are having, and will continue to have, a substantial and adverse effect on United States commerce.

78.     Defendants' wrongful acts and/or willful infringements have caused, and will continue to cause, irreparable harm to BIC, for which BIC has no adequate remedy at law, unless permanently enjoined.

79.     Defendants are profiting, and will continue to profit, from their unlawful actions.

80.     Defendants' actions are causing, and will continue to cause, BIC monetary damage in amounts presently unknown but to be determined at trial.

81.     Moreover, it is of particular concern that the Counterfeit Pocket Lighters that Defendants sell do not conform to BIC's standard quality control measures or United States safety standards, in addition to being generally constructed without sufficient attention to safety and quality.

82.     The Diverted Gray Pocket Lighters are manufactured to meet regulatory standards in foreign markets and are not approved, authorized, or intended for sale in the United States.

83.     Customers are likely to be confused and to mistakenly attribute any defect in the Counterfeit Pocket Lighters or material differences in the Diverted Gray Pocket Lighters to BIC. By causing such a likelihood of confusion, mistake, and deception, Defendants are inflicting irreparable harm to BIC's goodwill and reputation.

## COUNT ONE
### Federal Trademark Counterfeiting
### in Violation of Lanham Act §§ 32(1) and 34(d)
### (15 U.S.C. §§ 1114(1), 1116(d))

84.     BIC repeats and re-alleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

85.     BIC Corporation is the owner and registrant of the BIC Marks, and BIC USA is the exclusive licensee of the BIC Marks in the United States, where consumers perceive the BIC Marks as distinctive, well known, and famous.

86.     Defendants have not been granted any right to use the BIC Marks in the United States.

87.     Defendants have made unauthorized use in commerce of spurious designations

that are the same as, or substantially indistinguishable from, the BIC Marks in connection with the Counterfeit Pocket Lighters, which are not authorized by, affiliated with, distributed by, or manufactured by BIC.

88.     Defendants have used these spurious versions of the BIC Marks on goods that are identical to the goods for which BIC owns and uses the BIC Marks.

89.     Defendants' actions have caused and/or are likely to cause confusion, deception, or mistake as to the source or sponsorship of Defendants' Counterfeit Pocket Lighters, and likely to deceive the public into believing that the Counterfeit Pocket Lighters emanate from BIC, are sponsored, endorsed, or approved by BIC, are subject to BIC's quality control measures, or are otherwise associated with BIC.

90.     On information and belief, Defendants' wrongful conduct was undertaken and/or continued with full knowledge of BIC's rights.

91.     Defendants have intentionally, willfully, knowingly, and maliciously used counterfeit versions of the BIC Marks in connection with the advertising, sale, offering for sale, and distribution of the Counterfeit Pocket Lighters to trade on the goodwill associated with the federally registered BIC Marks, to BIC's great and irreparable injury.

92.     Defendants are liable for counterfeiting in violation of Sections 32(1) and 34(d) of the Lanham Act, 15 U.S.C. §§ 1114(1), 1116(d).

93.     BIC has no adequate remedy at law for Defendants' wrongful conduct, which has caused, and, unless permanently enjoined, will continue to cause a likelihood of confusion and deception to members of the public and, additionally, injury to BIC's goodwill and reputation as symbolized by the federally registered BIC Marks.

94.     Because of Defendants' wrongful conduct, BIC is entitled to preliminary and

permanent injunctive relief and to recover Defendants' profits, BIC's actual damages (or alternatively, statutory damages), enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117. Additionally, pursuant to 15 U.S.C. § 1117(b), BIC is entitled to trebling of the greater of profits or damages, and to prejudgment interest.

95.    Pursuant to 15 U.S.C. § 1117(c), at any time before final judgment is rendered by the Court, BIC is entitled to elect to recover, instead of actual damages and profits, an award of statutory damages of up to two million dollars ($2,000,000) per mark per type of goods or services sold, offered for sale, or distributed.

96.    Upon information and belief, G&A Distribution's complained-of actions are at the direction of, and approved by, Halaa Alghazali, who is individually liable.

## COUNT TWO
### Federal Trademark Infringement
### in Violation of Lanham Act § 32(1)
### (15 U.S.C. § 1114(1))

97.    BIC repeats and re-alleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

98.    BIC Corporation is the owner and registrant of the BIC Marks, and BIC USA is the exclusive licensee of the BIC Marks in the United States, where consumers perceive the BIC Marks as distinctive, well known, and famous.

99.    Defendants have not been granted any right to use the BIC Marks in the United States.

100.    In connection with Counterfeit Pocket Lighters, Defendants have made unauthorized use in commerce of marks that are the same as, or are confusingly similar to, the BIC Marks.

101.    In connection with the Diverted Gray Pocket Lighters, Defendants have made

unauthorized use in commerce of marks that are identical to the BIC Marks by selling genuine BIC Pocket Lighters that have material differences from those lighters BIC intends for sale in the United States, which is likely to cause consumer confusion.

102.    Defendants' actions have caused and/or are likely to cause confusion, deception, or mistake as to the source or sponsorship of Defendants' Counterfeit and Diverted Gray Pocket Lighters, and are likely to deceive the public into believing that the Counterfeit and Diverted Gray Pocket Lighters emanate from BIC, are sponsored, endorsed, or approved by BIC, or are otherwise associated with BIC in the United States.

103.    On information and belief, Defendants' wrongful conduct was undertaken and/or continued with full knowledge of BIC's rights.

104.    Defendants have intentionally, willfully, knowingly, and maliciously used confusingly similar versions of the BIC Marks in connection with the sale, offering for sale, and distribution of Counterfeit and Diverted Gray Pocket Lighters to trade on the goodwill associated with the federally registered BIC Marks, to BIC's great and irreparable injury.

105.    Defendants are liable for trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

106.    BIC has no adequate remedy at law for Defendants' wrongful conduct, which has caused, and, unless permanently enjoined, will continue to cause a likelihood of confusion and deception to members of the public and, additionally, injury to BIC's goodwill and reputation as symbolized by the federally registered BIC Marks.

107.    Because of Defendants' wrongful conduct, BIC is entitled to preliminary and permanent injunctive relief and to recover Defendants' profits, BIC's actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and

1117.

108.    Upon information and belief, G&A Distribution's complained-of actions are at the direction of, and approved by, Halaa Alghazali, who is individually liable.

## COUNT THREE
### Federal Unfair Competition and False Designation of Origin
### in Violation of Lanham Act § 43(a)
### (15 U.S.C. § 1125(a))

109.    BIC repeats and re-alleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

110.    BIC Corporation is the owner and registrant of the BIC Marks, and BIC USA is the exclusive licensee of the BIC Marks in the United States, where consumers perceive the BIC Marks as distinctive, well known, and famous.

111.    Defendants have not been granted any right to use the BIC Marks in the United States.

112.    In connection with the Counterfeit Pocket Lighters, Defendants have made unauthorized use in commerce of marks that are the same as, or are confusingly similar to, the BIC Marks on identical goods for which BIC uses the BIC Marks.

113.    In connection with the Diverted Gray Pocket Lighters, Defendants have made unauthorized use in commerce of marks that are identical to the BIC Marks by selling genuine BIC Pocket Lighters that have material differences from those lighters BIC intends for sale in the United States, which is likely to cause consumer confusion.

114.    Defendants' actions have caused and/or are likely to cause confusion, deception, or mistake as to the source, sponsorship, or affiliation of Defendants' Counterfeit and Diverted Gray Pocket Lighters, and are likely to deceive the public into believing that the Counterfeit and Diverted Gray Pocket Lighters emanate from BIC, are sponsored, endorsed, or approved by BIC,

or are otherwise associated with BIC in the United States.

115. On information and belief, Defendants' wrongful conduct was undertaken and/or continued with full knowledge of BIC's rights, and, thus, constitutes willful unfair competition.

116. Defendants have intentionally, willfully, knowingly, and maliciously used confusingly similar versions of the BIC Marks in connection with the advertising, sale, offering for sale, and distribution of Counterfeit Pocket Lighters and Diverted Gray Pocket Lighters to trade on the goodwill associated with the federally registered BIC Marks, to BIC's great and irreparable injury.

117. Defendants are liable for unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

118. BIC has no adequate remedy at law for Defendants' wrongful conduct, which has caused, and, unless permanently enjoined, will continue to cause a likelihood of confusion and deception to members of the public and, additionally, injury to BIC's goodwill and reputation as symbolized by the federally registered BIC Marks.

119. Because of Defendants' wrongful conduct, BIC is entitled to preliminary and permanent injunctive relief and to recover Defendants' profits, BIC's actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

120. Upon information and belief, G&A Distribution's complained-of actions are at the direction of, and approved by, Halaa Alghazali, who is individually liable.

**COUNT FOUR**
**Contributory Trademark Infringement**
**in Violation of Lanham Act §§ 32(1) and 34(d)**
**(15 U.S.C. §§ 1114(1), 1116(d))**
**(against only G&A Distribution and Halaa Alghazali)**

121.    BIC repeats and re-alleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

122.    BIC Corporation is the owner and registrant of the BIC Marks, and BIC USA is the exclusive licensee of the BIC Marks in the United States, where consumers perceive the BIC Marks as distinctive, well known, and famous.

123.    Defendants have sold and offered for sale Counterfeit Pocket Lighters and Diverted Gray Pocket Lighters bearing marks that are the same as, or are confusingly similar to, the BIC Marks, with the knowledge, expectation, or intention that downstream retailers and distributors of Defendants' Counterfeit and Diverted Gray Pocket Lighters would use the BIC Marks in connection with the sale of lighters.

124.    Defendants and their retailer and distributor customers have not been granted any right to use the BIC Marks in the United States.

125.    The unauthorized use of the BIC Marks in commerce by retailers and distributors supplied by Defendants has caused and/or is likely to cause confusion or mistake or is likely to deceive regarding the source, sponsorship, approval, and/or affiliation of the goods imported, offered, and sold by retailers and distributors supplied by Defendants.

126.    On information and belief, Defendants' wrongful conduct was undertaken and/or continued with full knowledge of BIC's rights.

127.    Defendants have intentionally induced, contributed to, or knowingly participated in the infringement of BIC's rights in the BIC Marks by Defendants' retailer and distributor

customers.

128.    Defendants have profited from the infringement of BIC's rights in the BIC Marks by Defendants and by Defendants' retailer and distributor customers.

129.    Defendants' wrongful conduct and/or willful contributory infringement, for which BIC has no adequate remedy at law, has caused and, unless permanently enjoined, will continue to damage and cause irreparable harm to BIC.

130.    Defendants are liable for contributory trademark infringement in violation of Sections 32(1) and 34(d) of the Lanham Act, 15 U.S.C. § 1114(1), 1116(d).

131.    Because of Defendants' wrongful conduct, BIC is entitled to preliminary and permanent injunctive relief and to recover Defendants' profits, BIC's actual damages, enhanced profits and damages, costs, reasonable attorneys' fees, and all relief available under 15 U.S.C. §§ 1114, 1116, and 1117.

132.    Upon information and belief, G&A Distribution's complained-of actions are at the direction of, and approved by, Halaa Alghazali, who is individually liable.

### COUNT FIVE
**Federal Dilution
in Violation of Lanham Act § 43(c)
(15 U.S.C. § 1125(c))**

133.    BIC repeats and re-alleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

134.    BIC Corporation is the owner and registrant of the BIC Marks, and BIC USA is the exclusive licensee of the BIC Marks in the United States, where consumers perceive the BIC Marks as distinctive, well known, and famous.

135.    Defendants have not been granted any right to use the BIC Marks in the United States.

136.    In connection with Counterfeit Pocket Lighters and Diverted Gray Pocket Lighters, Defendants have made unauthorized use in commerce of marks that are the same as, or are confusingly similar to, the BIC Marks.

137.    For more than 50 years, BIC has have exclusively and continuously promoted and used the BIC Marks in connection with pocket lighters throughout the United States.

138.    As a result, and well prior to Defendants' unlawful actions, the BIC Marks were inherently distinctive or acquired distinctiveness with secondary meaning, and became well known and famous, and identify BIC as the source of high quality and safe BIC-brand pocket lighters.

139.    Defendants' use of the famous BIC Marks in connection with the sale of Counterfeit and Diverted Gray Pocket Lighters dilutes or is likely to dilute the distinctiveness of the BIC Marks by eroding the public's exclusive identification of the BIC Marks with BIC, tarnishing and degrading the positive association and prestigious connotations of the BIC Marks, and otherwise lessening the capacity of the BIC Marks to identify and distinguish BIC's goods.

140.    On information and belief, Defendants' wrongful conduct was undertaken and/or continued with full knowledge of BIC's rights.

141.    Defendants' actions demonstrate a willful intent to trade on the goodwill associated with the BIC Marks or to cause dilution of the BIC Marks to BIC's great and irreparable injury.

142.    Defendants are liable for trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

143.    Defendants' wrongful conduct and/or willful dilution, for which BIC has no adequate remedy at law, has caused and, unless permanently enjoined, will continue to cause

injury to the public and damage and irreparable harm to BIC.

144.    Because of Defendants' wrongful conduct, BIC is entitled to preliminary and permanent injunctive relief and to Defendants' profits, BIC's actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116 and 1117.

145.    Upon information and belief, G&A Distribution's complained-of actions are at the direction of, and approved by, Halaa Alghazali, who is individually liable.

**COUNT SIX**
**New York State Trademark Dilution; Injury to Business Reputation**
**(N.Y. Gen. Bus. L. § 360-l)**

146.    BIC repeats and re-alleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

147.    BIC Corporation is the owner and registrant of the BIC Marks, and BIC USA is the exclusive licensee of the BIC Marks in the United States, where consumers perceive the BIC Marks as distinctive, well known, and famous, including in the State of New York.

148.    Defendants have not been granted any right to use the BIC Marks in the United States, including in the State of New York.

149.    In connection with Counterfeit Pocket Lighters and Diverted Gray Pocket Lighters, Defendants have made unauthorized use in commerce of marks that are the same as, or are confusingly similar to, the BIC Marks.

150.    For more than 50 years, BIC has have exclusively and continuously promoted and used the BIC Marks in connection with pocket lighters throughout the United States, including in the State of New York.

151.    As a result, and well prior to Defendants' unlawful actions, the BIC Marks were inherently distinctive or acquired distinctiveness with secondary meaning, and became well

26

known and famous, and identify BIC as the source of high quality and safe BIC-brand pocket lighters in the United States and in the State of New York.

152.    Defendants' use of the famous BIC Marks in connection with the sale of Counterfeit and Diverted Gray Pocket Lighters dilutes or is likely to dilute the distinctiveness of the BIC Marks by eroding the public's exclusive identification of the BIC Marks with BIC, tarnishing and degrading the positive association and prestigious connotations of the BIC Marks, and otherwise lessening the capacity of the BIC Marks to identify and distinguish BIC's goods.

153.    On information and belief, Defendants' wrongful conduct was undertaken and/or continued with full knowledge of BIC's rights.

154.    Defendants' actions demonstrate a willful intent to trade on the goodwill associated with the BIC Marks or to cause dilution of the BIC Marks to BIC's great and irreparable injury.

155.    Defendants' wrongful conduct and/or willful dilution, for which BIC has no adequate remedy at law, has caused and, unless permanently enjoined, will continue to cause injury to the public and damage and irreparable harm to BIC.

156.    Defendants' actions constitute a violation of N.Y. Gen. Bus. Law § 360-l.

157.    Because of Defendants' wrongful conduct, BIC is entitled to preliminary and permanent injunctive relief, as well as damages.

158.    Upon information and belief, G&A Distribution's complained-of actions are at the direction of, and approved by, Halaa Alghazali, who is individually liable.

**COUNT SEVEN**
**Common Law Trademark Infringement and Unfair Competition**

159.    BIC repeats and re-alleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

160.    BIC Corporation is the owner and registrant of the BIC Marks, and BIC USA is the exclusive licensee of the BIC Marks in the United States, where consumers perceive the BIC Marks as distinctive, well known, and famous.

161.    Defendants have not been granted any right to use the BIC Marks in the United States, including in the State of New York.

162.    In connection with Counterfeit Pocket Lighters, Defendants have made unauthorized use in commerce of marks that are the same as, or are confusingly similar to, the BIC Marks on identical goods for which BIC uses the BIC Marks.

163.    In connection with the Diverted Gray Pocket Lighters, Defendants have made unauthorized use in commerce of marks that are identical to the BIC Marks by selling genuine BIC Pocket Lighters that have material differences from those lighters BIC intends for sale in the United States, which is likely to cause consumer confusion.

164.    Defendants' actions have caused and/or are likely to cause confusion, deception, or mistake as to the source, sponsorship, and/or affiliation of the Counterfeit Pocket Lighters and Diverted Gray Pocket Lighters imported, offered for sale, and/or sold by Defendants.

165.    On information and belief, Defendants' wrongful conduct was undertaken and/or continued with full knowledge of BIC's rights and, thus, constitutes willful infringement.

166.    Defendants' unlawful activities constitute willful trademark infringement and unfair competition in violation of the common law of the State of New York.

167.    As a direct and proximate result of Defendants' violations of the common laws of

the State of New York, BIC has been, and will continue to be, damaged in an amount to be determined at trial.

168.    BIC has no adequate remedy at law for Defendants' wrongful conduct, which has caused, and, unless permanently enjoined, will continue to cause damage and irreparable harm to BIC.

169.    Defendants' acts show willful misconduct, malice, fraud, wantonness, oppression, or entire want of care which raises the presumption of conscious indifference to consequences.

170.    Because of Defendants' wrongful conduct, BIC is entitled to preliminary and permanent injunctive relief, and Defendants are liable for compensatory damages, as well as punitive damages.

171.    Upon information and belief, G&A Distribution's complained-of actions are at the direction of, and approved by, Halaa Alghazali, who is individually liable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs BIC Corporation and BIC USA Inc. demand a trial by jury on all issues triable by right to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs BIC Corporation and BIC USA Inc. respectfully request that the Court:

1.    Grant judgment in favor of BIC and against Defendants on all of BIC's claims;

2.    Permanently enjoin and restrain each and every Defendant, its officers, agents, subsidiaries, servants, partners, employees, attorneys, and all others in active concert or participation with it, from:

  a.    Using any mark or designation that is likely to be confused with the BIC

Marks;

b.     Advertising, offering for sale, distributing, or selling any Counterfeit and Diverted Gray Pocket Lighters;

c.     Unfairly competing with BIC in the manufacture, importation, advertising, offering for sale, sale, shipment, or distribution of lighters; or

d.     Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the aforementioned activities.

3.     Order each and every Defendant to, at Defendants' expense, withdraw from the market, account for, and properly destroy, any and all Counterfeit and Diverted Gray Pocket Lighters sold by Defendant;

4.     Order each and every Defendant, pursuant to 15 U.S.C. § 1116, to serve on BIC within thirty (30) days after service on Defendant of any final permanent injunctive orders, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

5.     Order each and every Defendant to account for, and pay over to BIC, Defendant's profits and all damages sustained by BIC;

6.     Enhance the amount of damages and/or profits awarded to BIC, as provided by law;

7.     Grant BIC statutory damages, in the alternative, if it so chooses;

8.     Award BIC such punitive damages for each and every Defendants' willful and intentional acts of unfair competition and infringement of BIC's rights that the Court shall deem just and proper;

9.     Award BIC the fees, costs, and disbursements, and interest, expended in

connection with any actions taken to investigate and confirm the claims made in this Complaint;

10.     Award BIC its reasonable attorney fees, costs, disbursements, and interest, as provided by law; and

11.     Grant such other and further relief as the Court may deem just and proper.

DATED:  October 8, 2025

/s/ *H. Forrest Flemming, III*
**KILPATRICK TOWNSEND & STOCKTON LLP**
H. Forrest Flemming, III (Bar No. 5835517)
3 Times Square
New York, NY 10036
(212) 775-8700
FFlemming@ktslaw.com

Caroline Y. Barbee (*pro hac vice* forthcoming)
1801 Century Park E, Suite 2300
Los Angeles, CA 90067
(310) 248-3830
CBarbee@ktslaw.com

*Attorneys for Plaintiffs*